# EXHIBIT  1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 15 2015

CLERK OF THE SUPERIOR COURT
By Cicell Johnson
Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ACCENTCARE, INC. and ACCENTCARE OF CALIFORNIA, INC.
AND DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Sharina McNeal, individually and on behalf of other aggrieved employees under the Labor Code Private Attorneys General Act of 2004

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* RG15774103

Superior Court for the State of California County of Alameda
Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Ottinger and Ori Edelstein, 930 Montgomery Street, # 502 San Francisco, CA 94133. 415-262-0096

DATE: June 15, 2015 *(Fecha)* Leah T. Wilson Clerk, by *(Secretario)* Cicell Johnson, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Accentcare of California, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT  2

ENDORSED
FILED
ALAMEDA COUNTY

JUN 15 2015

CLERK OF THE SUPERIOR COURT
By _____Cicell Johnson_____
Deputy

1  Robert Ottinger (SBN 156825)
   Ori Edelstein (SBN 268145)
2  THE OTTINGER FIRM, P.C.
   930 Montgomery Street, #502
3  San Francisco, CA 94133
   Tel: (415) 262-0096
4  Fax: (415) 520-0555
   Email: robert@ottingerlaw.com
5  Email: ori@ottingerlaw.com

6  Louis Benowitz (SBN 262300)
   LAW OFFICES OF LOUIS BENOWITZ
7  9454 Wilshire Boulevard, Penthouse
   Beverly Hills, California 90212
8  Tel: (310) 844-5141, Fax: (310) 492-4056
   Email: louis@benowitzlaw.com
9

10 Attorneys for Plaintiff
   Sharina McNeal and other aggrieved employees under
11 the Labor Code Private Attorneys General Act of
   2004
12

13             SUPERIOR COURT OF CALIFORNIA
                 COUNTY OF ALAMEDA
14

15 Sharina McNeal, individually and on behalf of     Case No.
   other aggrieved employees under the Labor Code
16 Private Attorneys General Act of 2004             RG15774103

17             Plaintiff,                            COMPLAINT FOR:

18             vs.                                   1.  Civil Penalties (Lab. Code §§ 2698, et
                                                         seq.).
19 ACCENTCARE, INC., ACCENTCARE OF
   CALIFORNIA, INC., and DOES 1-50,
20                                                   JURY TRIAL DEMANDED
             Defendants.
21

22

23

24

25

26

27

28

                              COMPLAINT

                                                         BY FAX

**PRELIMINARY STATEMENT**

1.    This is a complaint by Plaintiff Sharina McNeal ("Plaintiff"), on behalf of herself and on behalf of all other similarly aggrieved employees. Plaintiff was employed by Defendant Accentcare, Inc., and Defendant Accentcare of California, Inc. ("Defendants") as an in-home "Care Partner" was misclassified as "exempt" and denied minimum wage compensation for all hours she worked.

2.    The phrase "Aggrieved Employees," as used in this Complaint, shall collectively refer to all current and former employees of Defendant against whom one or more violations of the Labor Code are alleged to have been committed during the period from April 23, 2014 (i.e., one year before the date on which Plaintiff gave notice to Defendant of the alleged violations of the Labor Code set forth in this Complaint,) to the date of the final disposition of this action.

3.    Defendant unlawfully failed to pay minimum wage compensation for all hours worked by Sharina McNeal and all the other Aggrieved Employees, as required by state wage and hour laws.  Plaintiff seeks relief for herself and the Aggrieved Employees pursuant to the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code §2699 for restitution of unpaid wages, civil penalties, interest, costs, and attorneys' fees for Defendants' failure to pay all wages due, maintain accurate time records, and provide accurate wage statements.

**JURISDICTION**

5.    Jurisdiction is conferred on this Court because Defendants named herein conduct business in the State of California.  Jurisdiction is conferred on this Court as to all causes of action because they arise under state statutory or common law.

**THE PARTIES**

6.    Individual and representative Plaintiff Sharina McNeal resides in California. She was employed by Defendant as an in-home "Care Partner" from May of 2012 until the present.  At all relevant times Plaintiff met the definition of an "employee" under all applicable statutes.

7.    Defendant Accentcare, Inc. is a Delaware Corporation with its corporate headquarters in Dallas, Texas. Defendant provides home care and hospice services. It is

1

COMPLAINT

1    authorized to, and does, conduct business in the State of California.  At all relevant times,

2    Defendant met the definition of "employer" under all applicable statutes.

3        8.       Defendant Accentcare of California, Inc. is a Delaware corporation with its

4    corporate headquarters in Dallas, Texas.  Defendant Accentcare of California provides home care

5    and hospice services. It is authorized to, and does, conduct business in the State of California.  At

6    all relevant times, Defendant Accentcare of California, Inc. met the definition of "employer"

7    under all applicable statutes.

8                          **PROCEDURAL REQUIREMENTS**

9        9.       Plaintiffs have complied with the procedures for commencing a civil action

10   pursuant to Labor Code § 2699.3.

11       10.      By letter dated April 23, 2015, Plaintiff gave written notice via certified mail to

12   both the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific

13   provisions of the Labor Code that Plaintiff alleges to have been violated, including the facts and

14   theories to support the alleged violations.

15       11.      The LWDA has not provided Plaintiff with written notice that it does not intend to

16   investigate the alleged violations, however thirty-three (33) days have elapsed since the postmark

17   date of the letter sent to the LWDA.

18       12.      All other filing prerequisites have been met.

19                      **PLAINTIFF'S FACTUAL ALLEGATIONS**

20       13.      Plaintiff was employed by Defendants as an in-home "Care Partner".

21       14.      Plaintiff began working for Defendants in May of 2012.

22       15.      From the start of her employment, Plaintiff was assigned to work 24-hour shifts in

23   the home of Defendants' clients.

24       16.      Plaintiff was actively working, or on call for the entirety of the 24-hour shift.

25       17.      At all times during her shift, Plaintiff was obligated to be ready to respond to the

26   patient's needs, and she was not able or allowed to leave the premises.

27       18.      Plaintiff was required to sleep on the premises and at no time during Plaintiff's

28   shifts did she get five or more hours of uninterrupted sleep.  In fact, the longest period of

1    uninterrupted sleep she received was three hours.

2        19.    Plaintiff was paid for only 16 hours of work for each 24-hour shift she worked.

3    **FACTUAL ALLEGATIONS COMMON TO THE AGGRIEVED EMPLOYEES**

4        20.    Defendants employed Plaintiff, and all the other Aggrieved Employees during the

5    period from April 23, 2014 to the present.

6        21.    All of the work that Plaintiff and all the other Aggrieved Employees have

7    performed has been assigned by Defendants and/or Defendants have been aware of all the work

8    the Plaintiff and the Aggrieved Employees have performed.

9        22.    Plaintiff and all the other Aggrieved Employees customarily and regularly worked

10   24-hour shifts during which they were actively working or required to be on-call and available to

11   work.

12       23.    While on-call, Plaintiff and all the other Aggrieved Employees were required to be

13   available to work and were responsible for caring for the patient as needed.

14       24.    While on-call, Plaintiff and all the other Aggrieved Employees were precluded

15   from participating in personal activities such as running errands, shopping, entertaining friends,

16   outings, viewing movies, dinners, and other activities.

17       25.    During each 24-hour shift, Plaintiff and all the other Aggrieved Employees

18   customarily and regularly, were obligated to sleep on the premises and did not receive 5 hours of

19   uninterrupted sleep.

20       26.    Defendants' policy and practice was to pay all in-home care partners in California

21   for 16 hours for each 24-hour shift worked.

22       27.    Plaintiff and all the other Aggrieved Employees were regularly denied

23   compensation for hours worked or on-call.

24       28.    Plaintiff and all the other Aggrieved Employees were regularly denied minimum

25   wage compensation in violation of Labor Code §§ 1194, 1197, and 1198.

26       29.    Plaintiff and all the other Aggrieved Employees were regularly denied accurate

27   statements of wages, hours worked, rates paid, and gross wages, as required by California Labor

28   Code § 226(a).

# FIRST CAUSE OF ACTION

## Civil Penalties

### (Lab. Code §§ 2698 *et seq.*)

### (By Plaintiff, On Behalf of herself and all the other Aggrieved Employees, Against Defendants)

30.     Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

31.     Labor Code §§ 2699(a) and (g) authorizes aggrieved employees, on behalf of themselves and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as class action pursuant to California Code of Civil Procedure § 382.

32.     Plaintiff is informed and believes and thereon alleges that, during the applicable limitations period, Defendants violated Labor Code §§ 226, 1194, and 1197.

33.     Plaintiff and all the other Aggrieved Employees, as employees against whom Defendants committed one or more violations of the Labor Code during the applicable limitations period, and/or caused to be committed, are an "aggrieved employee" within the meaning of Labor Code § 2699(c).

34.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks civil penalties for Defendants' violations of Labor Code §§ 226, 1194, and 1197, against her and all the other Aggrieved Employees during the applicable limitations period.

35.     Plaintiff has complied with the procedures for bringing suit set forth in Labor Code § 2699.3. By letter dated April 23, 2015, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code that they allege to have been violated, including the facts and theories to support the alleged violations.

36.     Thirty-three (33) days have elapsed since such notification, and therefore pursuant to Labor Code §2699.3(a)(2)(A) Plaintiff has exhausted all administrative remedies.

1       37.    Pursuant to Labor Code § 2699(g)(1), Plaintiffs seek an award of reasonable costs

2  and attorneys' fees in connection with her claims for civil penalties on behalf of herself and the

3  Aggrieved Employees

### PRAYER FOR RELIEF

5       WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against

6  Defendant, containing the following relief:

7    a.  Civil penalties;

8    b.  Restitution;

9    c.  Pre-judgment interest;

10    d.  Post-judgment interest;

11    e.  Costs of suit;

12    f.  Reasonable attorneys' fees; and

13    g.  Such other relief as the Court deems just and proper.

### JURY DEMAND

15       Plaintiff, on behalf of herself and all other Aggrieved Employees under the Labor Code

16  Private Attorneys General Act of 2004, hereby demand a trial by jury on all issues of fact and

17  damages stated herein.

18

19  Dated: June 12, 2015                THE OTTINGER FIRM, P.C

20

21                BY:

22                    ROBERT OTTINGER
                        ORI EDELSTEIN

23                    LOUIS BENOWITZ

24                    Attorneys for Plaintiff

25                    Sharina McNeal and other aggrieved
                    employees under the Labor Code Private

26                    Attorneys General Act of 2004

27

28

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| The Ottinger Law Firm<br>Ori Edelstein State Bar No. 268145 Robert Ottinger State Bar No. 156825<br>930 Montgomery Street<br>San Francisco, CA 94133<br>TELEPHONE NO.: 415-262-0096   FAX NO.: 212-571-0505<br>ATTORNEY FOR *(Name):* Sharina McNeal | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 15 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By Cicen Johnson<br>Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davison Courthouse

**CASE NAME:**
McNeal v. Accentcare, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG15774103 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Ori Edelstein
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto*)
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or*
*toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil*
*harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer*
*or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally*
*complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent*
*domain, landlord/tenant, or*
*foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex*
*case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-*
*domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified*
*above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-*
*harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified*
*above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG15774103
Case Title:     McNeal VS Accentcare, Inc
Date of Filing: 06/15/2015

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

|  |  |
|---|---|
| **Judge:** | **Stephen Kaus** |
| **Department:** | **23** |
| **Address:** | **Administration Building** |
|  | **1221 Oak Street** |
|  | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6939** |
| **Fax Number:** | **0** |
| **Email Address:** | **Dept.23@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

You may schedule case managment hearings, law & motion hearings and other calendar events with Department 23 by e-mail. The use of e-mail is not a substitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or party's attorney if the party is represented) at the same time that you send the

e-mail to the Court. You must show that you have done so in your e-mail. Courtesy copies of all moving, opposition and reply papers should be delivered as required by Local Rule 3.30(c).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612 or the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Kaus
DEPARTMENT 23

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Parties should check DOMAIN for tentative case managment orders, which should be posted by noon the court day before the case management conference. Tentative rulings for case management conferences can be viewed in the Register of Actions, NOT UNDER TENTATIVE RULINGS. The tentative ruling will become the order of the court if there is no appearance by any party. Any party intending not to appear and thereby submit to a tentative ruling should contact all other parties before the hearing and may reach agreement that all counsel will submit to the tentative ruling or that one party will speak for itself and others.

## Schedule for Department 23

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mon through Thurs from 8:45 am to 1:15 pm. A Readiness Conference is held a week before the trial date at 2:00 pm. This Conference is the first day of trial for applying Local Rule 3.35 and the discovery cut-off periods in the CCP.

- Case Management Conferences are held:  Wednesdays at 3:00 p.m. In Case Management Statements, please inform the court of (1) the status of the case, (2)

what counsel believes should occur at the Case Management Conference and (3) when the case will be ready for ADR or trial.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m. The procedure for contesting tentative law and motion orders is as set out in Local Rule 3.30(d) and California Rules of Court 3.1308(a)(1).

- Settlement Conferences are heard:  Settlement Conferences for matters assigned to Department 23 will generally be referred to Department 14 (Judge Grillo) or Department 108 (Judge Herbert).

- Ex Parte matters are heard:  Tuesdays and Thursdays at 3:00 p.m.

- Telephonic apperances through Court Call are encouraged for routine matters and will be accommodated to the fullest extent possible. However, for significant contested substantive motions, counsel are requested to appear in person if possible. Counsel appearing by telephone are often unaware of what is occuring in the courtroom and it is extremely difficult for a court reporter to accurately transcribe the proceedings.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
      Email:        Dept.23@alameda.courts.ca.gov


- Ex Parte Matters
      Email:        Dept.23@alameda.court.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 23
- Phone:  1-866-223-2244

Dated:  06/16/2015

Facsimile

_Winifred Y. Smith_

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/17/2015

By

Deputy Clerk

# EXHIBIT  4

The Ottinger Law Firm
Attn: Edelstein, Ori
930 Montgomery Street
#502
San Francisco, CA   94133____

## Superior Court of California, County of Alameda

| | |
|---|---|
| McNeal | No. <u>RG15774103</u> |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Accentcare, Inc | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **01/11/2016**<br>Time: **03:00 PM** | Department: 23<br>Location: **Administration Building**<br>**Fourth Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Stephen Kaus**<br>Clerk: **Courtroom Clerk RCD**<br>Clerk telephone: **(510) 267-6939**<br>E-mail:<br>**Dept.23@alameda.courts.ca.gov**<br>Fax: **0** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

**\*** Case Management Statements may be filed by E-delivery, by submitting directly to E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/17/2015.

By

Deputy Clerk

# EXHIBIT 5

| | MC-040 |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>The Ottinger Firm<br>Ori Edelstein, State Bar No. 268145; Robert Ottinger, State Bar No. 156825<br>930 Montgomery Street<br>San Francisco, CA 94133<br>TELEPHONE NO.: 415-262-0096    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Sharina McNeal | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 01, 2015<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Amrit Khan, Deputy<br><br>CASE NUMBER:<br>**RG15774103** |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda | |
|---|---|
| STREET ADDRESS: 1225 Fallon Street, #109 | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Oakland, CA 94612 | |
| BRANCH NAME: Rene C. Davison Courthouse | |

| PLAINTIFF/PETITIONER: Sharina McNeal | **CASE NUMBER:**<br>RG 15774103 |
|---|---|
| DEFENDANT/RESPONDENT: Accentcare Inc., Accentcare of California, Inc. | **JUDICIAL OFFICER:** |

| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | **DEPT.:** |
|---|---|

1. **Please take notice** that, as of *(date):*
   - ☐ the following self-represented party or
   - ☑ the attorney for:
     - a. ☑ plaintiff *(name):* Sharina McNeal
     - b. ☐ defendant *(name):*
     - c. ☐ petitioner *(name):*
     - d. ☐ respondent *(name):*
     - e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.
   - ☐ A list of additional parties represented is provided in Attachment 1.

2. **The new address** or other contact information for *(name):* The Ottinger Firm

   is as follows:

   a. Street: 535 Mission Street, 14th Floor

   b. City: San Francisco

   c. Mailing address *(if different from above):*

   d. State and zip code: CA 94105

   e. Telephone number: 415-262-0096

   f. Fax number (if available):

   g. E-mail address (if available):

3. **All notices and documents** regarding the action should be sent to the above address.

   Date: July 1, 2015

   Ori Edelstein
   _____    ▶  *Ori Elst [signature]*  _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [Rev. January 1, 2013]    **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION**    Cal. Rules of Court, rules 2.200 and 8.816<br>*www.courts.ca.gov*

**MC-040**

| PLAINTIFF/PETITIONER: Sharina McNeal | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Accentcare Inc., Accentcare of California, Inc. | RG 15774103 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*
   401 Park Avenue South, 9th Floor
   New York, NY 10016

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*
   a. ☑ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.
   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:
   a. on *(date):* July 1, 2015
   b. at *(city and state):* New York, NY

5. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Max C Fischer, Esq
   Street address: 555 W. 5th Street, 40th Floor
   City: Los Angeles
   State and zip code: CA 90013

   c. Name of person served:
   Robert Kane
   Street address: 620 Newport Center Drive, Suit 200
   City: Newport Beach
   State and zip code: CA 92660

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 1, 2015

Krista Pontzer
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Krista Pontzer*
(SIGNATURE OF DECLARANT)

# EXHIBIT 6

ENDORSED
FILED
ALAMEDA COUNTY

JUL 15 2016

CLERK OF THE SUPERIOR COURT
By _____Ciceli Johnson_____
                                    Deputy

1   Robert J. Kane (SBN 50856)
    rkane@stuartkane.com
2   STUART KANE LLP
    620 Newport Center Drive, Suite 200
3   Newport Beach, CA 92660
    Telephone:  (949) 791-5127
4   Facsimile:  (949) 791-5227

5   Max C. Fischer (SBN 226003)
    mfischer@sidley.com
6   SIDLEY AUSTIN LLP
    555 West Fifth Street
7   Los Angeles, California  90013-1010
    Telephone: (213) 896-6000
8   Facsimile: (213) 896-6600

9   Angela C. Zambrano (Texas Bar No. 24003157)
    angela.zambrano@sidley.com
10  SIDLEY AUSTIN LLP
    2001 Ross Avenue, Suite 3600
11  Dallas, Texas 75201
    Telephone: (214) 981-3405
12  Facsimile: (214) 981-3400

13  Attorneys For Defendants
    ACCENTCARE, INC. and ACCENTCARE OF
14  CALIFORNIA, INC.

15                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                              **COUNTY OF ALAMEDA**

17  SHARINA McNEAL, individually and on          )   Case No. RG 15774103
18  behalf of other aggrieved employees under the )
    Labor Code Private Attorneys General Act of   )   Assigned to:   Honorable Stephen Kaus
19  2004,                                         )
                                                  )   **DEFENDANTS' ANSWER AND**
20              Plaintiff,                         )   **AFFIRMATIVE DEFENSES**
                                                  )
21  vs.                                           )   Complaint Filed:   June 15, 2015
                                                  )
22  ACCENTCARE, INC., ACCENTCARE OF              )
    CALIFORNIA, INC., and DOES 1 - 50,           )
23                                                )
                Defendants.                       )
24                                                )

25

26

27      AccentCare, Inc. and AccentCare of California, Inc. (together, "Defendants") generally deny

28  each and every allegation of Plaintiff's complaint.

209086217v.1

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## **AFFIRMATIVE DEFENSES**

Defendants state the following facts as separate affirmative defenses to Plaintiff's complaint:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      The claims asserted by Plaintiff are barred in whole or in part by the one-year statute of limitations set forth in California Code of Civil Procedure § 340(a).

3.      Plaintiff is not entitled to any award under Labor Code § 2699(g)(1) because a good faith dispute exists as to the wages allegedly owed, such that Defendants cannot be held to have failed to comply with the requirements of the Labor Code.

4.      Plaintiff is not entitled to any award under Labor Code § 2699(g)(1) because Defendants did not fail to comply with the compensation provisions of the Labor Code, but acted in good faith and had reasonable grounds for believing they were not violating provisions of the Labor Code.

5.      The recovery sought by Plaintiff would result in an award that is unjust, arbitrary and oppressive, or confiscatory to Defendants under Labor Code § 2699(e)(2) and otherwise does not comport with the US and California Constitutions.

6.      Defendants do not allege or admit that they bear the burden of proof with any of the foregoing defenses, nor do Defendants assume the burden of proof.

7.      Plaintiff is required to arbitrate her claims alleged in the Complaint on an individual basis, and Defendants reserve their right, and intend, to seek judicial relief compelling her to do the same.

8.      Defendants reserve and assert all affirmative defenses available under any applicable law. Defendants presently lack knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Defendants reserve the right to supplement this Answer and to assert additional defenses or other defenses if discovery indicates that they would be appropriate.

///

///

///

209086217v.1

1    Dated:   July 15, 2015

2

3                           STUART KANE LLP
                            SIDLEY AUSTIN LLP

4                           BY: _____

5                              Robert J. Kane
                             Max C. Fischer

6                              Angela C. Zambrano
                             *Attorneys for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

209086217v.1

3

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses was served on the following counsel of record by U.S. mail on July 15, 2015:

Robert Ottinger (SBN 156825)
robert@ottingerlaw.com
ori@ottingerlaw.com
Ori Edelstein (SBN 268145)
THE OTTINGER FIRM, P.C.
930 Montgomery Street, #502
San Francisco, CA 94133
Telephone:  (415) 262-0096
Facsimile:  (415) 520-0555

Louis Benowitz (SBN 262300)
louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
6454 Wilshire Boulevard, Penthouse
Beverly Hills, CA 90212
Telephone: (310) 844-5141
Facsimile: (310) 492-4056

*Attorneys for Plaintiff Sharina McNeal*

By: _____
Robert J. Kane
Max Fischer
*Attorneys for Defendants*

209086217v.1